**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDREW JUAN ANTHONY,

    Petitioner-Appellant,

v.

MICHAEL A. NELSON; ATTORNEY
GENERAL OF KANSAS,

    Respondents-Appellees.

No. 02-3209
(District of Kansas)
(D.C. No. 01-CV-3396-DES)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Andrew Juan Anthony, the *pro se* petitioner in this case, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). The district court concluded that Anthony's petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 and dismissed it with prejudice. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court."). Anthony is not entitled to a COA unless he can make a "substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Anthony can make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

This court has read Anthony's request for a COA and accompanying brief and has conducted a *de novo* review of the district court's order and the entire record on appeal. That *de novo* review clearly demonstrates the district court's dismissal of Anthony's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, this court **denies** Anthony's request for a COA for substantially those reasons set

forth in the magistrate judge's report and recommendation dated January 11, 2002 and the district court's order dated June 7, 2002, and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge